IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID PADILLA | CRIMINAL ACTION<br>NO. 96-606-3 |

**PAPPERT, J.**                                                                                                          November 15, 2021

## MEMORANDUM

David Padilla moves for early termination of his supervised release. The Government opposes the Motion, and the Court denies it for the reasons that follow.

I

On March 17, 1997, a jury convicted Padilla of conspiracy, possession of cocaine with intent to distribute, and carrying a firearm during the commission of a drug trafficking offense. (ECF No. 81; J. Criminal Case at 1, ECF No. 117.) Padilla had two prior federal convictions for cocaine-related offenses, one for distribution and another for possession with intent to distribute. (Presentence Investigation Report ¶¶ 38–39.) Because of Padilla's prior convictions and the quantity of drugs involved, he was subject to a mandatory minimum of life imprisonment followed by ten years of supervised release for the drug offenses. *See* 21 U.S.C. § 841(b)(1)(A)(ii) (1994). He was also subject to an additional five-year term of imprisonment for the firearms offense. 18 U.S.C. § 924(c) (1994). Judge Weiner sentenced him accordingly. (J. Criminal Case at 2–3.)

In 2015, President Obama commuted Padilla's sentence. (Executive Grant of Clemency at 2, ECF No. 155.) In doing so, he left "intact and in effect . . . the term of

supervised release imposed by the court." (*Id.* at 1.)  Padilla left prison and began his supervised release term on December 23, 2015.  (Gov. Resp. at 2, ECF No. 161).

II

The Court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  In analyzing a request for early termination of supervised release, the Court must consider the following factors under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)).  As long as it indicates that it has considered the § 3353(a) factors, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). "[E]xceptional,

extraordinary, new, or unforeseen circumstance[s]" are not a prerequisite for early termination. *Id.* at 52. However, because sentences must be "sufficient, but not greater than necessary" when first imposed, early termination is "'[g]*enerally*' . . . proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* at 53 (quoting § 3553(a), then *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)).

### III

After considering the relevant factors, the Court concludes that early termination is not appropriate. First, Padilla has not offered a persuasive justification for early termination. He bases his request on his successful post-incarceration employment, his volunteer work, his pursuit of education and professional training in and out of prison, and his law-abiding conduct. But "basic compliance with the terms of supervised release generally is not enough" to warrant its termination. *United States v. Damiano*, No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa. Dec. 10, 2020). Padilla has shown no particular hardship caused by the conditions of his supervision, nor unforeseen circumstances that would make continued supervision unjust. *See United States v. Lui*, No. 10-437, 2021 WL 242476, at *3–4 (E.D. Pa. Jan. 22, 2021).

Even if he had, Padilla's history of criminal conduct while under court-ordered supervision would militate against any early termination of his supervised release. In April of 1987, Padilla was sentenced to a three-year suspended sentence and five years of probation for distribution of cocaine. (Presentence Investigation Report ¶ 38.) Just five months later, he was arrested for possession of cocaine with intent to distribute. (*Id.* ¶ 39). He was then sentenced to five years imprisonment and six years of

supervised release.  Less than a year before the expiration of that term of supervised release, Padilla was arrested on the charges that led to his current sentence.  Both his demonstrated willingness to flout judicially imposed supervision and his history of doing so after a long period of apparent compliance make early termination unwise. *See* 18 U.S.C. § 3553(a)(1),(2)(B)–(C).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.
